EDUARDO MÉNDEZ BAS y CARLOS JULIO OSORIO, peticionarios, v. LA CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA, JUEZ, demandada.

No. 884.—*Resuelto:* Febrero 15, 1933.

*B. Guerra Mondragón,* abogado de los peticionarios.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Eduardo Méndez Bas y Carlos Julio Osorio por medio de su abogado Benjamín Guerra-Mondragón solicitaron de esta Corte Suprema que expidiera un auto de *certiorari* dirigido a la Corte de Distrito de Humacao y en definitiva anulara la resolución de dicha corte declarando sin lugar cierta moción que los peticionarios le presentaran pidiéndole que se declarara sin jurisdicción para intervenir en la causa criminal que se les seguía ante ella por el delito de atentado a la vida, por no haber sido acusados por el Gran Jurado.

Esta corte negó la expedición del auto y los peticionarios han acudido de nuevo solicitando reconsideración de la negativa.

Veamos cuáles son los hechos en que se basa la solicitud. En ella se transcribe la acusación formulada por el fiscal contra los peticionarios imputándoles el hecho de haber, allá por el 7 de octubre de 1932, en Humacao, acometido y agredido con revólveres o pistolas, ilegal, voluntaria y maliciosamente, con premeditación y propósito firme y deliberado de darle muerte, al ser humano José A. Burgos, infiriéndole heridas de bala, de carácter grave, con la intención de cometer asesinato. Y se alega que presentada la acusación se señaló el 18 de noviembre de 1932 para su lectura a los acusados, dándose a éstos hasta el 7 de diciembre, 1932 para contestarla. En ese día los peticionarios enmendaron una moción que, en contestación a la acusación, habían presentado impugnando la jurisdicción de la corte. De dicha moción se transcribe en la solicitud de *certiorari,* lo que sigue:

"Que siendo los acusados Eduardo Méndez Bas y Carlos Julio Osorio, Capitán y Sargento, respectivamente, de la Guardia Nacional de Puerto Rico, lo que eran en la fecha de la comisión del delito que se les imputa y en el ejercicio de sus funciones como tales, movi-

lizados entonces a servicio por proclama del Gobernador de Puerto Rico y recibiendo paga de El Pueblo de Puerto Rico, esta Corte carece de jurisdicción en este caso por no haber sido los acusados acusados mediante un Gran Jurado.''

Se continúa alegando en la solicitud que el fiscal impugnó la moción de los acusados así:

''Que los acusados por el hecho de ser miembros de la Guardia Nacional de Puerto Rico, creada por la Ley No. 28 de 12 de abril de 1917, 'Proveyendo un Código Militar para Puerto Rico, organización de la Guardia Nacional y de la milicia irregular de Puerto Rico', no son funcionarios públicos de Puerto Rico y no deben ser perseguidos de acuerdo con la Ley No. 58 de 1919, según fué enmendada por la Ley No. 98 de 1925.''

Para probar su moción-contestación presentaron los acusados tres certificaciones y una estipulación. Las certificaciones son al efecto de que el 27 de septiembre, 1932, por orden del Gobernador se llamó a ciertas unidades de la Guardia Nacional para cooperar con la Policía Insular en el mantenimiento del orden y la propiedad entre las cuales estaba la Compañía ''B'' 296 de Infantería, perteneciendo los peticionarios acusados a dicha Compañía, siendo el primero Capitán y Sargento el segundo.

Por la estipulación se aceptó que ''en octubre 7 al 8 de 1932 la Compañía 'B' 296 de Infantería de la Guardia Nacional, estaba movilizada en el distrito No. 3 que componía los siguientes pueblos: Río Grande, Mameyes, Luquillo, Fajardo, Ceiba, Naguabo, Playa de Naguabo y Humacao, dando las partes por probados estos hechos.''

Estamos conformes con los peticionarios en que si de los hechos expuestos en su solicitud surgiera claro el derecho que reclaman, podría expedirse el auto de *certiorari* que solicitan. El caso de *Muratti* v. *Foote*, 25 D.P.R. 568 que invocan es en efecto autoridad sobre ese extremo.

Nuestra negativa no se basó en la no procedencia del recurso para conocer de la cuestión suscitada, sino en que de los hechos alegados en la solicitud no surge claro el de-

recho de los peticionarios a que la acusación tuviera que formularse necesariamente a través del Gran Jurado.

La sección primera de la Ley estableciendo el Gran Jurado en Puerto Rico, tal como quedó enmendada en 1925 y rige aún en la actualidad, dice:

"Todo delito grave (*felony*) que se impute a un funcionario público por razón de actos realizados en el ejercicio de sus funciones deberá ser perseguido mediante acusación del Gran Jurado presentada ante la corte que tenga jurisdicción en el caso.

"Todos los demás delitos se perseguirán en la forma prescrita por el Código de Enjuiciamiento Criminal." Leyes de 1925, p. 789.

Aceptando sin resolver que los peticionarios por el hecho de ser miembros de la Guardia Nacional, movilizados por el Gobernador, en la fecha y en el sitio en que se perpetró el delito que se les imputa, pudieran considerarse como funcionarios públicos, conclusión que fué impugnada por el fiscal, no encontramos parte alguna de la solicitud en que se alegue y demuestre que el delito de que el fiscal les acusa se les impute por actos realizados en el ejercicio de sus funciones.

*Siendo ello así, no procede la reconsideración solicitada.*