El Pueblo de Puerto Rico, demandante y apelado, v. Miguel Figueroa, acusado y apelante.

No. 5757.—*Sometido:* Noviembre 12, 1935. *Resuelto:* Enero 31, 1936.

---

* Nota: Véase el prefacio.

*Harry F. Besosa,* abogado del apelante; *Luis Janer, Fiscal Auxiliar,* abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Esta causa comenzó por una acusación formulada el 5 de diciembre de 1932 por el Fiscal del Distrito de Bayamón que, copiada a la letra en lo pertinente dice:

"El Fiscal formula acusación contra Miguel Figueroa por un delito de Atentado a la Vida, *felony,* comet'do de la manera siguiente:

"Allá por la noche del día 5 de octubre de 1932, y en la calle 'Nemesio Canales' esquina a la de 'Muñoz Rivera' del pueblo de Vega Alta, P. R., que forma parte del Distrito Judicial de Bayamón, P. R., el dicho acusado M'guel Figueroa, ilegal y voluntar'amente, con malicia premeditada atacó con un rifle al ser humano Rafael Ramírez disparándole un tiro con la intención de matarlo, hab'endo logrado con dicho disparo inferirle una herida de bala de carácter grave.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico'."

Hizo el acusado alegación de inocente y el juicio se celebró ante un jurado que lo declaró culpable el 4 de octubre de 1933 del delito que se le imputara. Seis días después compareció en corte abierta a recibir su sentencia. La corte le hizo las advertencias de ley y le preguntó si tenía alguna razón legal que aducir para que no se dictara sentencia. Ninguna adujo y la corte lo condenó a un año y seis meses de presidio con trabajos forzados.

El propio día 10 de octubre de 1933 el acusado apeló para ante este Tribunal Supremo. Solicitó en tiempo la transcripción de la evidencia y la corte, el 16 de octubre, 1933, ordenó que se le proporcionara en forma gratuita.

por el taquígrafo por ser pobre el acusado. Fueron solicitándose y concediéndose prórrogas y más prórrogas para el archivo de la transcripción hasta que al fin la corte, en septiembre 22, 1934, denegó la solicitada por moción del 13. Pidió reconsideración el acusado alegando la ausencia de la Isla del taquígrafo y sus gestiones. Oyó la corte a las partes y el 11 de octubre siguiente accedió a la reconsideración y concedió la prórroga: treinta días comenzados a contar a partir del 14 de octubre de 1934.

Sigue entonces en los autos una titulada "Exposición sobre hechos probados y exposición del caso" que no tiene nota de radicación como la tienen los otros documentos y que termina como sigue:

POR LAS RAZONES EXPUESTAS, se suplica a esta Hon. Corte apruebe esta estipulación y admita los hechos arriba indicados como una exposición fiel y exacta de los hechos probados en este caso.—Bayamón, P. R., octubre 24, 1934.—Harry F. Besosa, Abogado del Acusado.— Enrique Ponsa Parés, Fiscal del Distrito de Bayamón, P. R.''

A continuación aparece una resolución de la corte de noviembre 20, 1934, en la que se transcriben las de septiembre 22 y 11 de octubre y se provee una moción de 7 de noviembre pidiendo que se deje sin efecto la sentencia y se abra el caso para nuevo juicio, y entre tanto que se conceda una nueva prórroga de treinta días.

"Fúndase, en síntesis, el acusado," dice la corte, "en que su abogado preparó una estipulación sobre hechos probados y exposición del caso 'para presentar al Fiscal', y que presentada a éste dicho funcionario prometió revisarle tal estipulación y no lo hizo, por lo que 'en vista de que el abogado del acusado ha agotado todos los recursos a su alcance para conseguir la Transcripción de Evidencia o entrar en una estipulación con el Sr. Fiscal sobre hechos probados y exposición del caso, y éstos han sido completamente inútiles, el abogado que suscribe se ve completamente imposibilitado de perfeccionar su apelación . . .'

"Conforme a lo solicitado por el acusado y concedido por resolución de 11 de octubre, el acusado obtuvo una última y definitiva prórroga de 30 días para presentar su proyecto de exposición del caso.

"El acusado no ha radicado su proyecto de exposición del caso en la Secretaría de esta Corte para que tal proyecto, radicado en término, siguiera el curso del procedimiento fijado por la ley. Se alega que preparó una estipulación de hechos 'para presentar al Fiscal'; pero tal proyecto de estipulación no obliga a esta Corte ni constituye un método de procedimiento en nuestros estatutos penales. Corresponde al acusado radicar en Secretaría su proyecto de Exposición, y notificar del mismo al Fiscal, quien somete las enmiendas que estimare de lugar.

"La moción de prórroga es denegada; y la moción de nuevo juicio señalada para el viernes 30 de noviembre corriente, a las 9 a. m."

Sigue una moción pidiendo la suspensión de la vista fijada para noviembre 30, declarada con lugar, y finaliza la transcripción con copia de la resolución de la corte de febrero 7, 1935, negando el nuevo juicio. En parte dice:

"De la misma petición del acusado aparece que él preparó una exposición del caso para presentar al fiscal lo que así hizo, pero que el fiscal le informó que estaba preparando una exposición del caso que enviaría dentro de un par de días. El pliego de exposición del caso preparado por el acusado, según él, nunca fué radicado en la Secretaría de esta Corte a fin de que tal proyecto radicado en término, siguiera el curso del procedimiento fijado por la ley. Alega que se preparó una estipulación de hechos 'para presentar al fiscal'; pero tal proyecto de exposición no fué radicado en esta Corte. Al acusado corresponde radicar en Secretaría su proyecto de exposición, notificar el mismo al Fiscal quien someterá las enmiendas que estimare de lugar y en este estado el procedimiento fija la Corte un día para oír a las partes y ultimar el proyecto de exposición del caso. No hallamos fundamentos para acceder a la solicitud del acusado, tal como la cuestión ha sido planteada en su citada moción de 7 de noviembre de 1934.

"No ha lugar a la concesión de un nuevo juicio."

La transcripción está certificada por el secretario de la corte de distrito en mayo 20, 1935. Se radicó al día siguiente en la secretaría de este Tribunal Supremo.

Siete días después fué elevada a esta corte otra certificación expedida por el secretario de la corte de distrito contentiva de copias de:

(*a*) una moción presentada por el acusado en enero 30, 1933, solicitando la suspensión del juicio por los siguientes motivos: ''2. Que la acusación en este caso está fundada en ciertos hechos ocurridos durante el tiempo que el citado acusado, Miguel Figueroa, estaba en servicio activo como soldado de la Guardia Nacional de Puerto Rico y de guardia como tal miembro de la Guardia Nacional de Puerto Rico. — 3. Que de acuerdo con el Código Militar de Puerto Rico aprobado en el año 1917, todo miembro de la Guardia Nacional de Puerto Rico tendrá derecho a solicitar que se le nombre defensor . . . — 4. Que de acuerdo con dicho Código Militar, el soldado citado, Miguel Figueroa, ha solicitado por la vía militar que se le nombre como defensor al Mayor Harry F. Besosa, quien es Auditor de Guerra del Estado Mayor de la Guardia Nacional de Puerto Rico. — 5. Que de acuerdo con dicha solicitud, el Honorable Gobernador de Puerto Rico, James R. Beverley, por conducto de John A. Wilson, Ayudante General designó al citado Mayor Harry F. Besosa para que actuara como abogado defensor... — 6. Que por motivo de que el citado Mayor Harry F. Besosa actualmente desempeña el cargo de Abogado de los Estados Unidos para el Distrito de Puerto Rico, . . . es necesario solicitar permiso del Attorney General de los Estados Unidos para poder actuar como abogado defensor . . . cuyo permiso se ha solicitado . . . —7. Que en vista de que aún no se ha recibido tal permiso y el juicio está señalado para el día 1ro. de febrero, el citado soldado Miguel Figueroa no estará preparado para ir a juicio ni preparada su defensa hasta tanto se reciba la autorización ya indicada'';

(*b*) la orden especial del Ayudante General de la Guar-

dia Nacional de Puerto Rico, nombrando abogado del acusado al Mayor H. F. Besosa;

(c) la comparecencia de éste ante la corte para que se le tenga por tal abogado del acusado;

(d) la petición de nuevo juicio de noviembre 6, 1934;

(e) una carta del taquígrafo que actuó en el juicio fechada en Houston, Texas, en noviembre 11, 1934, dirigida al abogado defensor sobre la dificultad en que se encontraba de preparar la versión de sus notas que no tenía en su poder;

(f) una notificación apelando de "las resoluciones fechadas noviembre 20, 1934, negando nueva prórroga y febrero 7, 1935, negando nuevo juicio";

(g) las órdenes especiales de septiembre 27, 1932 y octubre 6, 1932, firmadas la primera por orden del Gobernador por John A. Wilson, Ayudante General, y la segunda por orden del Coronel Esteves, por Rafael Rodríguez, Capitán 295 de Infantería, Ayudante, refiriéndose la primera a la designación de varias unidades de la Guardia Nacional de Puerto Rico para ayudar a la Policía Insular a proteger la propiedad y a mantener el orden en la presente emergencia (ciclón de San Ciprián), y la segunda a la designación de cuatro soldados de la Compañía K del batallón de Infantería 295 para asistir a la policía en el mantenimiento del orden y guarda de la propiedad en Vega Alta.

Lo antes descrito constituye todo el récord certificado en este caso. En su alegato señala el apelante los siguientes errores:

1. Falta de jurisdicción por parte de la corte de distrito para juzgar y sentenciar al acusado, porque siendo éste soldado de la Guardia Nacional de Puerto Rico movilizada por el Gobernador, en servicio activo y de guardia como centinela, al realizar el acto que se le imputa, era un funcionario público del Gobierno de Puerto Rico, y como tal, sólo pudo acusársele mediante información de un Gran Jurado;

2. Error al permitirse que un jurado compuesto de miem-

bros del *panel* general al que pertenecía la persona herida, actuara en el caso;

3. Error al denegarse la moción de prórroga para perfeccionar la apelación, basándose entre otros motivos, en que el acusado no había sido diligente;

4. Error al denegarse la moción de prórroga para perfeccionar la apelación en este caso, basándose entre otros motivos, en que el acusado no había radicado en Secretaría una exposición del caso;

5. Error al denegarse la moción de nuevo juicio.

■ No hay base en los autos para resolver el primer señalamiento. La acusación imputa el delito como cometido por un simple ciudadano. Éste, cuando le fué leída, se limitó a alegar su inocencia. Nada consta que surgiera en el juicio en relación con el mismo. Nada expuso el acusado cuando se le llamó para recibir su sentencia.

Es ahora, en la Corte Suprema que se levanta por vez primera la cuestión, alegándose que de los documentos que contiene la segunda certificación surge que el acusado era un miembro de la Guardia Nacional de Puerto Rico. Aceptando que así fuera, como no consta que el acto imputádole se realizara en el cumplimiento de sus deberes como tal, cae el caso de lleno dentro de la jurisprudencia establecida en el de *Méndez Bas* v. *Corte,* 44 D.P.R. 538, a saber:

"Aceptando sin resolver que miembros de la Guardia Nacional, movilizados por el Gobernador, puedan considerarse como funcionarios públicos al efecto de que delitos por ellos cometidos deban perseguirse mediante acusación del 'Gran Jurado, si de la petición de *certiorari* para revisar la negativa de una corte de distrito a declararse sin jurisdicción para conocer de una causa seguida contra miembros de esa organización no acusados por el Gran Jurado no aparece que el delito de que el fiscal les acusa se les impute por actos realizados en el ejercicio de sus funciones, procede denegar el auto solicitado."

Si pudiera considerarse la estipulación sobre hechos probados incluída en la transcripción, habría base quizá para resolver en un sentido o en otro la última cuestión, pero ese

documento no fué admitido por la corte y no obstante contener la firma del fiscal en maquinilla no consta que el fiscal lo firmara, al contrario, de la propia moción del acusado solicitando el nuevo juicio se deduce que el Fiscal nunca se avino a prestar su conformidad. Carece, por tanto, de autenticidad y no puede ser tomado en consideración por esta corte para basar en él conclusión alguna.

■ El segundo error no existe. El hecho de que la persona agraviada, en el caso de haberse así demostrado, fuera uno de los jurados insaculados, no vicia de nulidad el procedimiento. No se alega que dicha persona formara parte del jurado que intervino en la causa y rindió el veredicto de culpable.

■ La afirmación contenida en el cuarto señalamiento con respecto a haberse presentado en tiempo una exposición del caso notificada al fiscal, no encuentra apoyo en los autos. Y en cuanto a la diligencia que en los señalamientos tercero y quinto se afirma que se tuvo, la verdad es que aun tomando en consideración la situación anormal creada por la ausencia del taquígrafo que intervino en el juicio, no puede sostenerse que existiera. La propia estipulación sobre los hechos a que antes nos hemos referido revela que el acusado tuvo a su alcance los medios necesarios para preparar una exposición de acuerdo con la ley y no lo hizo. No podemos decidir en justicia para con la corte sentenciadora que abusara de su discreción al negar la prórroga que últimamente solicitara el apelante y al no concederle la celebración del nuevo juicio.

*Deben declararse sin lugar los recursos interpuestos y confirmarse las resoluciones y la sentencia recurridas.*